## NANCY K. BISHOP *vs.* ROBERT W. ABORN *et als.*

A bill in equity to fix the boundary line between riparian owners was decided on its merits, and a decree entered giving costs to the complainant without reserve, the court supposing that the respondent assented to the decree. It subsequently appeared that the respondent did not assent. On motion made at the same term to amend the decree as to costs:

*Held,* that the decree should be amended dividing the costs of fixing the boundary line.

*Held,* that the correction could be made on motion, and without formal petition for a rehearing.

During the term of court at which a final decree is entered, the decree may be amended on motion for the correction of incidental error.

BILL IN EQUITY to define the boundary line between riparian owners. On respondent's r \tion to amend the final decree.

*July* 23, 1889. DURFEE \. J. The court decided this case on its merits after full hearing, 't without mentioning the matter of costs. A decree in accordanc \with the decision was entered this term, giving the complainant costs without reserve. The counsel for the complainant, when presenting it, said that it had been shown to the counsel for the defendant and he had no objection to it. Said counsel being present, the court entered it as of course. The counsel now says that he did not observe what was going on, his attention being otherwise engaged, and that though he did not object to the decree, so far as it followed the decision, and so stated, he did not assent any further, but meant to appear and be heard on the question of costs. He moves a modification in that respect. We should have divided the costs in one particular, if we had been asked to do so when the decree was entered. The parties are adjoining riparian proprietors, and the costs include the expense of defining the division line between them, beginning at a point on the upland and running to the harbor line. The definition of this line is as much a benefit to the complainant as to the defendant, and she should pay half the cost of it. Her counsel object that, the decree being final, it needs a formal petition for rehearing to alter it. But there is nothing for rehearing but this question of costs. The question of costs is purely incidental, and in practice is usually left to be adjusted according to the equities when the decree is entered. It would have been so adjusted in this case, opportunity being given to the defendant to be heard, but for the statement by which the counsel for the complainant, acting doubtless under a misapprehension, misled the court. The question is, whether the court, for the purpose of remedying the consequent mishap, cannot alter the decree upon motion during the term. It seems to us that it can. If, immediately after the decree was entered, the defendant's counsel, learning of the entry, had asked for the alteration, we should surely have granted it, regarding the decree as still open for that purpose. But if then, why not afterward during the term ?

In *Doss et al.* v. *Tyack et al.* 14 How. U. S. 297, 312, a bill in equity, pending in the District Court of the United States for the

State of Texas, was dismissed on motion made by authority of the complainants. Afterward, during the same term, the order of dismissal was vacated on proof to the court that the authority to make the motion had been fraudulently procured. In the Supreme Court of the United States on appeal, it was decided that the court below, in vacating the decree, were correcting an error both of fact and of law, and, that during the term, they had full power to amend, correct, or vacate it for either reason.

In *Goddard* v. *Ordway*, 101 U. S. 745, it appeared that the court below, having entered a final order of affirmance pending a motion for reargument, afterward rescinded it, on motion filed during the term, as irregularly and inconsiderately entered. On appeal to the Supreme Court of the United States, the order of rescission was affirmed, said court holding that during the term the court's judgments, orders, and decrees are deemed to be "in the breast of the court."

In the case at bar we are asked, not to rehear the case on any point which we have decided after hearing, but simply to alter the decree in an incidental matter of costs which passed into judgment without attention because the court was incorrectly informed in regard to it. It seems to us that the cases cited fully warrant our making the alteration. The counsel for the complainants refer to *Tiernay* v. *Claflin*,[1] but in that case the motion

---

[1] See 15 R. I. 220 *sq.* After the opinion there reported, a final decree prepared by the complainants' counsel declaring that the conveyance was void as between the complainants and Young, that Claflin was a *bonâ fide* purchaser for value and held the estate only as security for a sum named, and closing "neither party to recover any costs," was entered July 10, 1886. The complainants' counsel, July 12, 1886, filed a motion to modify this decree, and to adjudge costs in favor of the complainants and against Young. The court, July 24, 1886, dismissed this motion with the following rescript :

"The court is of the opinion that the complainants are entitled to no decree against the defendant Young. No case is produced in which the debtor himself has been charged as trustee for creditors by reason of having received the price of property fraudulently sold. The complainants already have their execution against the defendant Young for the balance of their judgment. The general rule is, that no decree will be made for costs against a party against whom the complainant is not entitled to relief, unless costs are specifically prayed for. 1 Daniell Chanc. Plead. & Prac. *379. The only relief, if relief

for alteration was decided on other grounds than are involved in this. We will alter the decree so that the complainants shall recover only half the cost of defining said boundary line.

*Motion granted.*

*James Tillinghast & Amasa M. Eaton,* for complainant.

*Edward D. Bassett, Nicholas Van Slyck & Cyrus M. Van Slyck,* for respondents.

---

it can be called, which the complainants are entitled to against Young, has been already decreed for therein, *viz.,* an adjudication of fraud against Young, but it has been decreed expressly without costs. We think the decree completely disposes of the case."

July 23, 1886, the complainants' counsel moved for a reargument, or if need be a rehearing, on the question of Young's liability for costs, and if need be for leave to amend the bill, to which the court replied, October 12, 1886, with the following rescript :

" The court is of the opinion that the decree entered July 10, 1886, is by its terms a final decree completely disposing of the case. If the complainants' motion can be treated as a motion for a rehearing or a motion for leave to amend that decree, both defendants, Claflin as well as Young, are entitled to notice."

The complainants' counsel then took out citations returnable October 23, 1886, and after argument the court, January 29, 1887, handed down the following rescript :

"The general rule is, that a rehearing will not be granted on a question of costs. We see no reason for not following the rule in this case."